IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **RONNIE SHELTON ,**<br><br>　　　　　**Petitioner,**<br><br>v.<br><br>**WARDEN HUDGINS,**<br>**M. D. MIMMS,**<br>**DHO KRADDOK,**<br><br>　　　　　**Respondents.** | Civil Action No.: 3:21-CV-134 (GROH) |

### REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On August 16, 2021, Petitioner Ronnie Shelton ("Petitioner" or "Defendant"), an inmate at Hazelton USP, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1]  The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, this Court recommends that the Petition be denied and dismissed without prejudice.

### II.   FACTUAL AND PROCEDURAL HISTORY

**A.   Conviction and Sentence[2]**

On August 13, 2014, a thirty-five count second superseding indictment was

---

[1] ECF Numbers cited herein refer to case number 3:21-CV-134 unless otherwise noted.

[2] Throughout section II.A. all ECF numbers refer to entries in the docket of Criminal Action No. 2:14-CR-70 from the Eastern District of Tennessee.

returned in the Eastern District of Tennessee, case number 2:14-CR-70, which charged Petitioner[3] and co-defendants with various drug trafficking offenses. ECF No. 17. On March 19, 2015, Petitioner entered a guilty plea to Counts 1 and 6 of the second superseding indictment, which charged Petitioner with conspiracy to distribute and to possess with the intent to distribute a Schedule I controlled substance, and possession of a firearm in furtherance of a drug trafficking crime. ECF Nos. 206, 228.

On August 20, 2015, Petitioner was sentenced to a total of 325 months of imprisonment. ECF No. 354.

### B.	Instant Petition for Habeas Corpus Under § 2241

Petitioner asserts a single ground for relief in his instant petition for habeas corpus under § 2241, that his Good Time Credits were unlawfully revoked at four DHO hearings held at USP Hazelton. ECF No. 1 at 5. Petitioner asserts that the DHO improperly imposed a sanction which totaled the loss of 160 days of Good Time Credits. Id. Petitioner requests that the Court restore the 160 days of Good Time Credit. Id. at 8. Petitioner concedes that he did not present the facts related to his petition to the prison's internal grievance procedure, or to the Bureau of Prisons. Id. at 7 – 8.

### III.	STANDARD OF REVIEW

### A.	Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's

---

[3] The Bureau of Prisons inmate locator website, https://www.bop.gov/inmateloc/, lists three inmates named Ronnie Shelton, however only one of those individuals is currently incarcerated, Ronnie Lee Shelton, who is incarcerated at Hazelton USP.

case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

**B.     Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

## IV.     ANALYSIS

An inmate who seeks formal review of an issue related to any aspect of his confinement must follow the administrative review process set forth in 28 C.F.R. 542 et seq. 28 C.F.R. § 542.10(a).   An inmate must first attempt informal resolution with prison staff.  28 C.F.R. § 542.13.  If the prisoner achieves no satisfaction through attempted informal resolution, he must submit a Request for Administrative Remedy with the warden.  Id.  An inmate who is not satisfied with the Warden's response must next submit an appeal to the appropriate Regional Director.  28 C.F.R. § 542.15.  If the prisoner is dissatisfied with the decision of the Regional Director, he may make a final appeal to the office of the General Counsel.  Id.

The petitioner acknowledges that he did not administratively exhaust his claim, asserting he "[h]ad no way to file anything from the SHU at USP [ ] Hazelton."  ECF No. 1 at 8.  Although some courts have used futility to excuse an inmate's failure to exhaust his administrative remedies[5], Petitioner herein has provided no authority to excuse his failure to exhaust his administrative remedies before challenging the loss of Good Conduct Time.  Despite his claim that he was unable to file any administrative remedies while in the SHU, Petitioner was able to file this § 2241 petition. Petitioner's failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding

---

[5] For instance, some district courts have found that requiring inmates to challenge the BOP's policy regarding calculation of good conduct time through the administrative process would be futile.  See, e.g., Hendershot v. Scibana, 2004 WL 2009241 (W.D.Wis. 2004) and Martinez v. Wendt, 2003 WL 22456808 (N.D.Tex. 2003) (Mag. Report and Recommendation), adopted by 2003 WL 22724755 (N.D.Tex. 2003).

be **DISMISSED WITH PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:**    August 18, 2021

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE